**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ENERSET ELECTRIC LTD** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civil Action 4:19-cv-450** |
| | § | |
| **PETROLEOS DE VENEZUELA, S.A. and** | § | |
| **BARIVEN, S.A.** | § | |
| **Defendants.** | § | |

## <u>PLAINTIFF'S ORIGINAL COMPLAINT</u>

Plaintiff Enerset Electric LTD ("Enerset") files this Complaint against Petroleos de Venezuela, S.A. ("PDVSA") and Bariven, S.A. ("Bariven"), and would show the Court as follows:

### <u>PARTIES</u>

1.      Plaintiff Enerset is a limited partnership organized under the laws of the State of Texas, with its principal place of business located in Harris County, Texas.

2.      Defendant PDVSA is a Venezuelan state-owned entity with its registered office at Petróleos de Venezuela, S.A., Avenida. Libertador con calle El Empalme, Complejo MinPetróleo - PDVSA, La Campiña, Caracas, in the Bolivarian Republic of Venezuela. Defendant Petroleos de Venezuela S.A. may be served at its registered office, pursuant to the "Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters," commonly known as the Hague Service Convention, of which Venezuela is a signatory.

3.      Defendant Bariven is a Venezuelan state-owned entity with its registered office at Torre Pequiven, Pisos 10 y 11, Av Francisco de Miranda, Caracas, in the Bolivarian Republic of Venezuela. Defendant Bariven may be served at its registered office, pursuant to the

"Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters," commonly known as the Hague Service Convention, of which Venezuela is a signatory.

## JURISDICTION AND VENUE

4.     This Court has personal jurisdiction over each of the Defendants, as each regularly does significant and/or substantial business in Texas, and/or entered into a contract in Texas to be performed in Texas, which they have breached, either individually or in concert with each other, as alleged herein. Further, per the Purchase Orders issued by PDVSA/Bariven upon which Enerset now sues, the Courts of Harris County, Texas have exclusive jurisdiction over disputes arising out of said Purchase Orders.

5.     The amount in controversy exceeds $75,000.  Enerset is a citizen of Texas for diversity purposes.  Defendants are both subjects of foreign states.  Accordingly, this Court has subject matter jurisdiction.  *See* 28 U.S.C. §1332(a)(2).

6.     Venue is proper as a substantial part of the events or omissions giving rise to the claim occurred in Harris County. 28 U.S.C. §1391(b)(2).  Further, per the Purchase Orders upon which Enerset now sues, venue is appropriate in the State and Federal Courts of Harris County, Texas.

## FACTS

7.     Beginning in May 2014 and continuing through September 2016, PDVSA/Bariven submitted Purchase Orders (the "POs") to Enerset under which Enerset agreed to sell materials and equipment to PDVSA through Bariven, PDVSA's purchasing agent. Enerset delivered the materials and equipment as requested, and issued the appropriate invoices

2

for payment (the "Invoices").  All the equipment and materials shipped to PDVSA by Enerset have been received and installed in the corresponding PDVSA operational areas.  PDVSA's planning department has verified the receipt and installation of the materials and equipment, and the payment amounts have been registered in PDVSA's accounting system. To date, PDVSA has not paid the invoices.  The total amount due and owing to Enerset is $5,086,147.10.

## COUNT I – Breach of Contract

8.      Enerset repeats and realleges each and every allegation contained herein as if fully set forth in this section.

9.      Each PO issued by PDVSA/Bariven was a valid and enforceable contract. In accordance with each PO, Enerset delivered the complete order of materials and equipment to PDVSA, which accepted the delivery without complaint.  The sum of $5,086,147.10 remains due and owing pursuant to the POs and as evidenced by the Invoices.

10.     As a result of each of Defendants' actions, Enerset has been damaged in the amount of at least $5,086,147.10.

11.     Because Defendants worked in concert to breach the POs, each Defendant is therefore jointly and severally liable to Enerset.

## COUNT II – Unjust Enrichment

12.     Enerset repeats and realleges each and every allegation contained herein as if fully set forth in this section.

13.     Defendants are also liable for unjust enrichment. It is inconceivable that Defendants, a unit of closely collaborating parties within the PDVSA group under the leadership

of PDVSA, are allowed to enjoy, without justification, the value of the materials and equipment, while Enerset remains unpaid.

14.     Ultimately, it would be unconscionable for Defendants to retain the materials and equipment without paying Enerset the amount owed.  Because Defendants directly benefited from Enerset's contractual performance, yet have done nothing to make Enerset whole, they must be required to reimburse Enserset in the amount as evidenced by the Invoices.

## COUNT III – Agency and Ratification

15.     Enerset repeats and realleges each and every allegation contained herein as if fully set forth in this section.

16.     Whenever in this complaint it is alleged that any Defendant did, or failed to do, any act, thing and/or omission, it is meant that Defendants themselves or their agents, officers, servants, employees, vice principals, or representatives either did or failed to do such act, thing and/or omission, and it was done with the full authorization or ratification of PDVSA and/or with actual and/or apparent authority of PDVSA and/or subject to PDVSA's control.

## DAMAGES

17.     Enerset's total claim – apart from interests and costs – amounts to at least $5,086,147.10 plus interest and attorney's fees.

## JURY DEMAND

18.     Enerset hereby demands a trial by jury.

## ATTORNEY'S FEES

19.     Enerset has retained counsel for this matter and is entitled to recover its reasonable and necessary attorney's fees pursuant to Section 38.001 of the Texas Civil Practice

& Remedies Code and under such other applicable law as may provide for recovery of attorney's

fees.

## PRAYER

Enerset requests and demands the following relief:

(1)     Compensatory damages in an amount in excess of the minimum jurisdictional

limit of this Court;

(2)     All reasonable costs and expenses, including attorney's fees; and

(3)     Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

By: _/s/ Glenn R. LeMay_____
GLENN R. LEMAY
State Bar No. 12188690
So. Dist. No. 10618
Telephone: (713) 961.3366
Facsimile: (713) 961-3938
glemay@grsm.com

**ATTORNEY IN CHARGE FOR
PLAINTIFF ENERSET ELECTRIC
LTD**

OF COUNSEL:

GORDON & REES, L.L.P.
1900 West Loop South, Suite 1000
Houston, Texas 77027
Telephone: (713) 961.3366
Facsimile: (713) 961-3938

5