UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ENERSET ELECTRIC LTD, | ) | |
| | ) | Civil Action Docket |
| Plaintiff, | ) | No. 4:19-cv-00450 |
| v. | ) | |
| | ) | |
| PETROLEOS DE VENEZUELA, S.A. and BARIVEN S.A., | ) ) | |
| | ) | |
| Defendants. | ) ) | |

**RESPONSE TO PLAINTIFF'S MOTION TO MAKE DOCUMENT 6
EXHIBIT A-1 TO AFFIDAVIT FILED AS DOCUMENT 30-1 AND DOCUMENT 31-1**

Defendant Petróleos de Venezuela, S.A. ("PDVSA") by and through its undersigned counsel, GST LLP, hereby respectfully files its Response to Plaintiff's Motion to Make Document 6 Exhibit A-1 to Affidavit Filed as Document 30-1 and Document 31-1 (the "Motion") [ECF No. 33]. In support of this Response, PDVSA states as follows:

**INTRODUCTION**

In an effort to obtain swift relief, Plaintiff Enerset filed its Motion in total disregard to the Federal Rules of Civil Procedure and this District's Local Rules. Enerset did not confer with PDVSA despite its obligation to do so under Local Rule 7.1. Nor did Enerset set out a clear basis for relief. *See* Fed. R. Civ. P. 7(b)(1)(B). A careful analysis of the Motion reveals that Enerset is not simply trying to fix a "mistake" that it purports to have made in multiple filings. Rather, Enerset, through this Motion, is making an authorized third attempt to demonstrate satisfactory service. For this reason alone, the Motion should be denied. But even if the Motion is granted, service still remains

1

insufficient.

## RELEVANT PROCEDURAL BACKGROUND

Enerset filed a Complaint (the "Original Complaint") on February 8, 2019 [ECF No. 1]. On February 21, 2019, the Clerk of this Court filed a cover letter from counsel for Enerset to the Clerk, attaching documents which, according to the letter, were "forwarded to the Ministerio del Poder Popular para Relaciones Exteriores Oficina de Relaciones Consulares in the Republica Bolivariana de Venezuela for service upon Defendants Petroleos de Venezuela, S.A. and Bariven, S.A." [ECF No. 6.] The documents attached did not contain any return of service or confirmation of receipt from the Ministry.

Counsel for PDVSA appeared before the Court on February 14, 2020 and that same day filed a Motion to Dismiss the Original Complaint [ECF No. 25]. In the Motion, PDVSA argued *inter alia* a lack of personal jurisdiction based improper service under the Foreign Sovereign Immunities Act (the "FSIA"). The Parties agree that Defendant Bariven has not been served.

On March 6, 2020, Enerset filed (i) a Response to the Motion to Dismiss [ECF No. 31], as well as (ii) a First Amended Complaint (the "Amended Complaint") [ECF No. 30]. Both submissions included an affidavit from Enerset's counsel, Mr. LeMay, who attached Exhibit A-1 [ECF No. 30-1] [ECF No. 31-1] to each affidavit. In each instance, Mr. LeMay referred to Exhibit A-1 as "Service Documents." *Id*.

PDVSA filed a Reply in Support of its Motion to Dismiss ("Reply") on March 13, 2020 [ECF No. 32]. Three days later, Enerset filed the instant Motion to Make Document 6 Exhibit A-1 to Affidavit Filed as Document 30-1 and Document 31-1 [ECF No. 33].

On March 20, 2020, PDVSA filed a Motion to Dismiss the Amended Complaint [ECF No. 35].

**MEMORANDUM OF LAW**

### I.     Plaintiff has failed to specify the grounds for seeking relief.

A movant must "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b)(1)(B). *See also* SDTX Local Rule 7.1(B) ("opposed motions shall include or be accompanied by authoritiy."); *Carter v. H2R Rest. Holdings, LLC*, No., 2017 WL 4174805, at *4 (N.D. Tex. Aug. 1, 2017), *report and recommendation adopted*, 2017 WL 4174800 (N.D. Tex. Sept. 19, 2017) ([t]he burden is on the moving party to clealry identify the basis of its motion…"); *Allen v. Rector*, 2001 WL 694035, at *1 (W.D. Tex. May 4, 2001) ("the movant must state the grounds in the motion with enough specificity to put the district court and the opposing party on notice of the reasons for the request."). By doing so, the opposing party will have "a meaningful opportunity to respond and the court [will have] enough information to process the motion correctly." *Cambridge Plating Co. v. Napco, Inc.*, 85 F.3d 752, 760 (1st Cir. 1996); *see also Allen*, 2001 WL 694035, at *1 (W.D. Tex. May 4, 2001).

Courts deny motions that do not satisfy this requirement. *See Carnley v. Culom Inc.*, 2012 WL 12897553, at *1 (S.D. Tex. Aug. 8, 2012) (denying the motion to dismiss for failure to provide grounds for relief); *Zarate v. Klein Tools, Inc.*, 2013 WL 12157571, at *2 (S.D. Tex. May 28, 2013) (denying the motion for protective order because it does not specify the basis for seeking the order.); *Feldberg v. Quechee Lakes Corp.*, 463 F.3d 195, 197 (2d Cir. 2006) (holding that the motion to amend judgment was insufficient as it did not apprise the court or the opposing party of grounds upon which reconsideration is sought."); *Allen*, 2001 WL 694035, at * 2(W.D. Tex. May 4, 2001).

Enerset requests this Court to accept Document 6 Exhibit A-1 to Affidavit Filed as Document 30-1 and Document 31-1 as a replacement to Exhibit A-1 attached to Mr. LeMay's multiple affidavits. But the Motion provides no legal ground to support such request. Nor is it accompanied by any

3

authority which establishes that such relief is warranted. The failure is prejudicial to PDVSA because it is unable to adequately respond to the Motion or any standard that such a request might entail. In the absence of such information, this Court is also ill-equipped to make an informed decision. Accordingly, this Motion should be denied.

## II. The Motion Should be Denied for Non-Compliance with the Local Rules.

Except for motions filed under Federal Rules of Civil Procedure 12(b), (c), (e), or (f) and 56, a movant must confer with opposing counsel prior to filing a motion. SDTX Local Rule 7.1(D). Exceptions to this Rule are limited to motions to dismiss (Rule 12(b)); motion for judgement on the pleadings (Rule 12(c)); motions for a more definite statement (Rule 12(e)); motions to strike (Rule 12(f)); and motions for summary judgment (Rule 56). While Enerset has not clarified the basis for its Motion, none of these exceptions can apply here.

Conferral rules such as LR 7.1 help to ensure that the issues are "unbridgeable and supported by reasonable yet differing positions." *Garcia v. Wheelabrator Group, Inc.*, 2010 WL11565264, at *1 (N.D. Tex. Nov. 3, 2010). When a conference does not take place because the movant failed to contact opposing counsel, the motion is routinely denied. *See, e.g.*, *Austin v. Dretke*, 2005 WL 8155551, at *2 (S.D. Tex. Jan. 18, 2005) (striking an evidentiary motion for non-compliance with LR 7.1(D)); *Tricolor Auto Group, LLC v. Lombardi*, 2017 WL 2215451, at *2 (N.D. Tex. May 19, 2017).

Here, Enerset failed to confer with PDVSA's counsel before filing its Motion. The Motion does not contain a certificate to that effect nor did Enerset attempt to contact opposing counsel. The Motion also fails to point to any one of the enumerated exceptions under Rule 7.1. The Motion is simply silent, and thus non-compliant with LR 7.1.

Enerset's lack of attention to the Local Rules should not imply that its Motion is routine or otherwise granted in the normal course. As this Court can surely appreciate, Enerset is attempting to

prove that service has been perfected under the FSIA, or else the Court lacks jurisdiction over PDVSA. *See* Motion to Dismiss [ECF No. 25], p. 5. PDVSA has sought to dismiss the Original Complaint for failure to perfect service, specifically because PDVSA did not receive a copy of the complaint (only the summons) and the summons received was not translated into Spanish. *Id*. at 6-7. Enerset, through its counsel Mr. LeMay, claims to have translated the summons and complaint into Spanish and forwarded them to Venezeuala's Central Authority. [ECF No. 31-1, pp.1-2.] Mr. LeMay submitted "Service Documents" to this Court, labelled as Exhibit A-1, which he claims are the same documents delivered to the Central Authority. [ECF No. 31-1, pp. 2-10.] The "Service Documents" he attached however revealed no Spanish translations, as PDVSA already noted in its Reply [ECF No. 32, p. 4.]. Accordingly, Enerset failed, once again, to satisy the requirements of the Hague Convention. *Id*.

Enerset mounted the same defense for its Amended Complaint. It submitted a separate affidavit from Mr. LeMay, attesting to and attaching the same "Service Documents." [ECF No. 30-1.] While PDVSA's objections to that Amended Complaint are addressed in a separate submission [ECF No. 35], it is important to mention here that Mr. LeMay's separate affidavit fails for the same reason as the first. Namely, that the "Service Documents" attached to the affidavit [ECF No. 30-1, pp. 3-10], do not reveal any Spanish translations to satisfy the Hague Convention.

Viewed in this context, the Motion currently before this Court is not merely an attempt to correct Mr. LeMay's "mistakes." Motion, ¶ 5. Rather its Enerset's third attempt, in the face of numerous objections from PDVSA and without leave of this Court, to satisfy its burden to prove it properly effectuated service. That is an unacceptable attempt to have a third bite at the apple. Under these circumstances, the Motion should be denied.

### III. GRANTING THIS MOTION WILL NOT RESULT IN PERSONAL JURISDICTION OVER PDVSA.

Even if this Court were to grant Enerset's Motion, and effectively replace the original Exhibit A-1 [ECF No. 31-1, p. 3] with the "correct" Exhibit A-1 [ECF No. 33-1], Enerset's service burden would remain unsatisfied. As PDVSA already mentioned, the "correct" Exhibit A-1 does not contain a return of service from the Central Authority. Nor do the documents submitted at ECF No. 6 contain any such certificate. As a result, Enerset can only show, at best, that the documents were sent to the Central Authority. Indeed, this is all that is said in the letter from Enerset's counsel to the Court. [ECF No. 33-1.] This half-hearted attempt however does not satisfy Enerset's burden to demonstrate perfect service. It is not enough for Enerset to simply forward documents to the Central Authority. *See* Reply [ECF No. 32] at 5; Motion to Dimiss Amended Complaint [ECF No. 35] at 16; *see also, e.g.*, *Luv N' Care, Ltd. v. Groupo Rimar*, 2016 WL 8679268, at *6 (W.D. La. Feb. 26, 2016) (dismissing a complaint for plaintiff's failure to submit the central authority's return or service or otherwise establish that service had been carried out through the Hague Convention). Therefore, after three separate attempts to demonstrate service, Enerset still has not satisfied its burden and this Court still lacks personal jursidction under the FSIA.

#### CONCLUSION

For the foregoing reasons, this Court should deny Enerset's Motion. A proposed order is attached to this Response as Exhibit A.

Respectfully submitted,

**GST LLP**
1111 Brickell Avenue
Suite 2715
Miami, Florida 33131

6

Tel. (305) 856-7723

By: s/ Quinn Smith
Quinn Smith, Fla Bar. 59523
*Admitted Pro Hac Vice*
Katherine A. Sanoja, Fla. Bar. 99137
*Admitted Pro Hac Vice*
Gary J. Shaw, DC Bar1018056
*Admitted Pro Hac Vice*
Bethel Kassa, NY Bar 5645650
*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system. I also certify that the foregoing document is being served this date on all counsel of record or pro se parties on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/ Katherine Sanoja
Katherine A. Sanoja, FL Bar. 99137
*Admitted Pro Hac Vice*

## SERVICE LIST

Glenn R. LeMay
Gordon & Rees, L.L.P
1900 West Loop South, Suite 1000
Houston, Texas 77027
glemay@grsm.com
Tel. (713) 961.3366
Fax. (713) 961.3938